**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| DEBRA LYNNE ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY and LILLY USA, LLC,<br><br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-08241 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Debra Lynne Romero.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A, as _______________ of the estate of _______________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

___ Novo Nordisk Inc.

___ Novo Nordisk A/S

**X** Eli Lilly and Company

**X** Lilly USA, LLC

___ other(s) (identify): ______________________________________________

**JURISDICTION AND VENUE**

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Westminster (Adams County), Colorado

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Colorado

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Colorado

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Westminster (Adams County), Colorado

10. Jurisdiction is based on:

__X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

___ other (plead in sufficient detail as required by applicable rules):

______________________________________________

______________________________________________

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the District of Colorado

12. Venue is proper in the District Court identified in Paragraph 11 because:

__X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

___ other (plead in sufficient detail as required by applicable rules):

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

___ Ozempic (semaglutide)

___ Wegovy (semaglutide)

___ Rybelsus (oral semaglutide)

___ Victoza (liraglutide)

___ Saxenda (liraglutide)

___ Trulicity (dulaglutide)

_X_ Mounjaro (tirzepatide)

___ Zepbound (tirzepatide)

___ Other(s) (specify): ______________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Mounjaro (tirzepatide): approximately September 2024 through November 2024 (2.5 mg weekly beginning September 2024; dose increased to 5 mg weekly in October 2024; discontinued upon hospitalization in November 2024).

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

___ Gastroparesis

**X** Other gastro-intestinal injuries (specify): Fecal impaction with ischemic necrosis and gangrene of the colon and small bowel, requiring colectomy with proximal rectal resection, small bowel resection, and end ileostomy

**X** Ileus

**X** Ischemic Bowel/Ischemic Colitis

**X** Intestinal Obstruction

___ Necrotizing Pancreatitis

___ Gallbladder Injury (specify) ______________________

___ Micronutrient Deficiency

___ Wernicke's encephalopathy

___ Aspiration

___ Death

**X** Additional/Other(s) (specify): Septic shock; acute hypoxic respiratory failure requiring mechanical ventilation; and myocardial infarction

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

November 2024. Symptom onset and hospital admission on or about November 2, 2024; five abdominal surgeries November 3–5, 2024; myocardial infarction on or about November 9, 2024. Injuries and sequelae, including end ileostomy, are ongoing.

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X__ Injury to self

___ Injury to person represented

__X__ Economic loss

___ Wrongful death

___ Survivorship

___ Loss of services

___ Loss of consortium

___ other(s) (specify): ______________________________________________

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_X_ Count I: Failure to Warn – Negligence
_X_ Count II: Failure to Warn – Strict Liability
_X_ Count III: Breach of Express Warranty/Failure to Conform to Representations
_X_ Count IV: Breach of Implied Warranty
_X_ Count V: Fraudulent Concealment/Fraud by Omission
_X_ Count VI: Fraudulent/Intentional Misrepresentation
_X_ Count VII: Negligent Misrepresentation/Marketing
_X_ Count VIII: Strict Product Liability Misrepresentation/Marketing
_X_ Count IX: Innocent Misrepresentation/Marketing
_X_ Count X: Unfair Trade Practices/Consumer Protection (see below)
_X_ Count XI: Negligence
_X_ Count XII: Negligent Undertaking
___ Count XIII: State Product Liability Act (see below)
___ Count XIV: Wrongful Death
___ Count XV: Loss of Consortium
___ Count XVI: Survival Action
___ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

*See* Attachment A

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

*See* Attachment A

** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

N/A

b. Identify the legal theories identified in Paragraph 19 above (e.g., negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

N/A

c. Identify the factual allegations supporting those claims:

N/A

** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A. If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: October 28, 2026

Respectfully submitted,

By: /s/ *Jason S. Goldstein*
Jason S. Goldstein, Esq.
PA Bar No.: 334857
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
Phone: (516) 466-6500
jgoldstein@yourlawyer.com

*Attorneys for Plaintiff*